**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DOLORES GRUBER and ERIC GRUBER,**

      **Plaintiffs,**

v.                                            **Case No: 6:21-cv-1385-PGB-LHP**

**FEDERAL INSURANCE COMPANY,**

      **Defendant.**
_____/

## ORDER

This cause comes before the Court on Plaintiffs' Amended Motion to Vacate Order on Motion for Summary Judgment (Doc. 39 (the "**Amended Motion**"))[1] and Defendant's response in opposition (Doc. 41 (the "**Response**").[2] Upon consideration, the Motion is due to be denied.

**I.     BACKGROUND**

Plaintiffs initiated this action in state court on July 17, 2021. (Doc. 1-1). Defendant then removed the case to this Court on August 24, 2021. (Doc. 1). The

---

[1] Plaintiffs first filed a Motion to Vacate Order on Motion for Summary Judgment on October 18, 2022. (Doc. 37 (the "**Motion to Vacate**"). Defendant then filed a Motion to Strike Plaintiffs' initial Motion to Vacate. (Doc. 38 (the "**Motion to Strike**"). In response, Plaintiffs filed the instant Amended Motion (Doc. 39), and the Court granted the Motion to Strike (Doc. 40).

[2] Considering the Amended Motion is denied for the reasons discussed within, the Defendant's respective Motion to Strike is moot. (Doc. 41).

Complaint included a sole cause of action for breach of contract. (Doc. 1).[3] Defendant eventually moved for summary judgment on September 15, 2022. (Doc. 32). Plaintiffs failed to timely respond, and the Court entered an Order granting Defendant's Motion for Summary Judgment as unopposed on October 17, 2022 (Doc. 36 (the "**Order**")). Plaintiffs now move for relief from the Court's Order pursuant to Federal Rule of Civil Procedure 60(b)(1). (Doc. 39). Defendant responded in opposition (Doc. 41), and the matter is ripe for review.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from an order or judgment on various grounds. FED. R. CIV. P. 60(b).[4] Of particular importance here, Rule 60(b)(1) provides that courts may afford relief for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Specifically, the Supreme Court has determined that excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993); *see United States v. Davenport*, 668 F.3d 1316, 1324 (11th Cir. 2012).

---

[3]  Defendant issued Plaintiffs an insurance policy that insured certain real property located at 1375 Bristol Park Place, Lake Mary, Florida 32746 (the "**Property**"). (Doc. 34, ¶ 3). Plaintiffs assert the Property sustained a covered loss that Defendant refused to pay. (Doc. 1-1, ¶¶ 9–13).

[4]  The following circumstances raise possible grounds for relief: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; [or] (5) the judgment has been satisfied, released, or discharged." FED. R. CIV. P. 60(b)(1)–(5).

The determination of whether the failure to comply with a filing deadline constitutes excusable neglect "is at bottom an equitable one, taking [into] account [] relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. Courts weigh the following pertinent factors: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 392–93, 395. Notably, however, the Eleventh Circuit has "'demonstrated its wariness' of grants of relief from judgment[s] based upon attorney error." *Norment v. Newton Cty. Sheriff's Dept.*, 352 F. App'x 316, 318 (11th Cir. 2009).[5] Furthermore, "[t]o obtain relief under 60(b), a party must demonstrate a defense that probably would have been successful, in addition to showing excusable neglect." *Solaroll Shade & Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986).

## III. DISCUSSION

Pursuant to Rule 60(b)(1), Plaintiffs request relief from this Court's prior Order granting Defendant summary judgment. Although vague, Plaintiffs appear to argue their failure to timely respond to Defendant's Motion for Summary

---

[5] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

Judgment (Doc. 32) boils down to "mistake" and "inadvertence."[6] However, the Court disagrees for the following reasons, and respectfully, the Amended Motion will be denied.

As Defendant accurately points out (Doc. 41, p. 2), Plaintiffs' response to the Motion for Summary Judgment was due on or before October 6, 2022.[7] The Court, after waiting an *additional* 11 days past the deadline for Plaintiffs' response under Local Rule 3.01(c), granted Defendant's Motion for Summary Judgment as unopposed. (Doc. 36).

Now, Plaintiffs merely assert they "inadvertently and mistakenly miscalculated the deadline for filing [their] response to Defendant's Motion [for Summary Judgment]." (Doc. 39, ¶ 6). Presumably, the Court is supposed to interpret this oversight as "excusable neglect."[8] Plaintiffs neither elaborate on the circumstances that led to the error's occurrence nor cite any supporting case law to bolster their position.[9] Such a bare argument only further suggests a disregard

---

[6] Plaintiffs employ language that suggests reliance on the "mistake" and "inadvertence" subparts of Rule 60(b)(1). (*See* Doc. 39, ¶ 6–7, 9). However, Plaintiffs' lackluster explanation for their failure to respond more appropriately invokes an "excusable neglect" inquiry. Thus, the Court will analyze the situation under such a lens.

[7] According to the present Amended Motion, Plaintiffs are actually under the impression their response to Defendant's Motion for Summary Judgment was due a day earlier, on or before October 5, 2022. (Doc. 39, ¶ 3).

[8] In light of precedent, analyzing the conduct as "excusable neglect" is best suited for the error that occurred.

[9] Such insufficient reasoning is detrimental for Plaintiffs' plea to this Court. The Court is unable to decipher whether there was a misunderstanding of fact or law, a distinction various courts find dispositive. *See, e.g.*, *Davenport*, 668 F.3d at 1324 (recognizing "a material distinction between an attorney's mistake of law and a mistake of fact" such that a "misunderstanding or misinterpretation of the law generally cannot constitute excusable neglect" but "a mistake of fact, such as miscommunication or a clerical error, may do so"). With such sparse context, the

for the importance of deadlines and the Local Rules at large.[10] Courts impose firm procedures for a litany of reasons, and a party's inability to abide by them will not be overlooked without adequate reason. Accordingly, here, Plaintiffs' reasoning does not suffice to convince the Court that Plaintiffs' failure to adhere to deadlines constitutes excusable neglect.

In any event, courts often deem "a lawyer's misunderstanding of unambiguous procedural rules" not excusable. *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997–98 (11th Cir. 1997) ("[A]n attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline."); *Davenport*, 668 F.3d at 1324 ("[A]n attorney's failure to understand or review clear law cannot, as a categorical matter, constitute excusable neglect . . . ."). Here, the Court must surmise that Plaintiffs' blatant failure to comply with deadlines was a product of either misinterpreting or carelessly flouting straightforward law. Such haphazard neglect—without more—is not excusable. Thus, Plaintiffs' Amended Motion is denied.

---

Court can merely conclude that Plaintiffs incorrectly understood or misapplied straightforward law.

[10] It is also not lost on this Court that Plaintiffs have failed to adhere to various other deadlines throughout the duration of the proceedings. (*See* Docs. 3, 9, 14, 17, 29, 30). Had Plaintiffs desired more time at any point, the proper response would have been to file a request for an extension.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiffs' Amended Motion to Vacate (Doc. 39) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on November 8, 2022.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record